# Weekly Advance Abstract Opinions
## CURRENT OHIO COURT of APPEALS CASES

No. 116

**EDWARD DAVIS v. STRAND THEATRE CO. et al.**

Ohio Court of Appeals, Lucas County

No. 1247. Jan. 15, 1923

MALICIOUS PROSECUTION — (1) Law defined — (2) Errors appearing not prejudicial.

This opinion has not been published elsewhere.

CHITTENDEN, J.

Error to Lucas County Common Pleas

Epitomized Opinion

On the trial of this case below the court directed a verdict in favor of the Strand Co., and the jury rendered a verdict in favor of defendant charnas. Held by the instant court:

1. To sustain an action for malicious prosecution it must affirmatively appear as a part of the case of the person demanding damages that the party sought to be charged was the proximate and efficient cause of maliciously putting the law in motion, or of tortuously continuing the prosecution.

2. We find that there was no evidence tending to show that either of the defendants was the cause of the arrest and prosecution of plaintiff, and the court should have directed a verdict in favor of both of them. The evidence required the verdict and any errors appearing in the trial were unprejudicial. Judgment of Common Pleas affirmed.

Attorneys—Thad S. Powell and Silas E. Hurin, for plaintiff; Harris & Kaplan, for defendant.

---

No. 117

**CARL F. BECK, et al. v. CUYAHOGA FALLS**

Ohio Court of Appeals, Summit County

Nov. 20, 1922

ASSESSMENTS—Land value for must be taken after the improvement is made.

This opinion has not been published elsewhere.

Per Curiam:

Epitomized Opinion

Appeal from the Summit County Court of Common Pleas.

In this case several property owners brought their several suits in the Common Pleas under 12075 GC., to enjoin the collection of certain special assessments. The cases were consolidated under the above title. It is contended by the plaintiff that the assessments made are void, because they are in excess of one-third of the actual value of the land assessed, after the improvements were completed. The city insisted otherwise, but the court herein held that under the statute, as amended in 1904, the conclusion must be that the value of the property should be fixed at the time or immediately after the completion of the improvement.

The court then fixed the values of the tracts and lots and enjoined all of that part of the assessments above one-third of the values fixed by it.

Farr, Pollock and Roberts, JJ., of the seventh district, sitting in ninth district.

Attorneys—C. F. Schnee, for plaintiffs; C. H. Howland and Geo. W. Coble, for defendant.

---

No. 118

**SUPERIOR BAKING CO. v. JOHN KRUMEICH**

Summit County Appeals

1922. No. 588

SUMMONS IN ERROR—(1) Motion to quash—(2) Jurisdiction—(3) Personal service necessary.

Error to Summit County, Common Pleas

Epitomized Opinion

This opinion has not been published elsewhere.

WASHBURN, P. J.

A petition in error and a precipe were filed and summons issued. The return of the sheriff showed no service on Krumeich; Anderson and Ormsby were his attorneys. The sheriff left a copy at Ormsby's usual place of residence. When the sheriff called at Anderson's office, he being busy, the officer left the summons with an attendant, with the request that it be given to Anderson, which was done, within seventy days. As soon as the seventy days elapsed defendant filed a motion to quash the service; the attorney accepted a brief from plaintiff's attorney on the merits and receipted therefor, and defendant's attorney filed a brief on the merits. Held:

1. Service under 12259 GC. must be personal service, and cannot be made by leaving at the usual residence or with an attendant to be delivered to party. Summons must be handed to the person by the officer.

2. Receipting for brief on merits and filing brief on merits of case is not waiver of service of summons in error, or the entry of an appearance.

3. Summons must be served personally or entry of appearance made within seventy days.

Attorneys—Musser, Kimber & Huffman, Otis, Beery & Sheppard, for Baking Co.; Anderson, Ormsby & Kennedy, for Krumeich.

---

No. 119

**HAROLD FREDERICK v. W. & L. E. RY. CO.**

Wayne County Appeals

No. 744. Decided 1922

CONTRIBUTORY NEGLIGENCE—(1) Intoxication—(2) Evidence.

Epitomized Opinion

Error to Wayne Common Pleas Court

This opinion has not been published elsewhere.

FARR, J.

Frederick and a friend were driving an automobile after night in a slight fog and he drove into the side of a railroad car standing on the crossing. On the trial evidence was introduced to the effect that after collision there was broken glass of bottle formation in a depression in the car; also that there was a brown liquid which smelled and tasted like alcoholic liquor. This evidence was given to attempt to establish that Frederick was intoxicated. The car was equipped with lights that lighted the road for seventy-five feet.

Held:

1. It was not error to admit evidence of liquor in car after accident, as tending to show intoxication of Frederick at the time the accident occurred; the fact may be so shown as an incidental fact, tending to establish contributory negligence.

2. Where one who has every opportunity to see and does not use the opportunity, is guilty of contributory negligence.

Attorneys—W. E. Weygandt and H. R. Smith, for Frederick; L. R. Critchfield and H. C. Pontius, for Railway Co.